# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

|                                   |     |                       |
|-----------------------------------|-----|-----------------------|
| ASH-SHAKUR SHABAZZ,<br>AIS #244618 | )<br>)<br>) |                |
|                                   | )   |                       |
| Petitioner,                       | )   |                       |
|                                   | )   | CIVIL ACTION NO.      |
| vs.                               | )   | 2:08-CV-88-MEF        |
|                                   | )   | (WO)                  |
|                                   | )   |                       |
| GRANT CULLIVER, WARDEN,<br>et al., | )<br>) |                    |
|                                   | )   |                       |
| Respondents.                      | )   |                       |

## RESPONSE TO ORDER

In response to the Court's Order of April 8, 2008, Respondents hereby

supplement its Answer with the following documents:

1) Copy of Shabazz's application for rehearing filed in the Rule 32 proceedings, Exhibit H;

2) Copy of the Court of Criminal Appeals's Order overruling the application, Exhibit I;

3) Copy of Shabazz's petition for writ of certiorari to the Supreme Court of Alabama, Exhibit J;

4)    Copy of Order denying petition for writ of certiorari, Exhibit
      K;

5)    Copy of Certificate of Judgment, Exhibit L.

Respectfully submitted,

Troy King – KIN047
*Attorney General*
State of Alabama

s/James B. Prude
James B. Prude (PRU005)
Assistant Attorney General

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2008, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing (including exhibits) to the following non-CM/ECF participants to the addresss listed on the Department of Corrections' website: Ash-Shakur Halim Shabazz, AIS #244618, Holman Unit 3700, Holman Correctional Facility, Atmore, AL 36503.

s/James B. Prude
James B. Prude (PRU005)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail:  JPrude@ago.state.al.us

626858/118431-001

3

Pride
107298

IN THE ALABAMA COURT OF CRIMINAL APPEALS

CR:06-1134

ASH-SHAKUR H. SHABAZZ
Appellant,

V.S.

STATE OF ALABAMA,
Appellee.

---

ON APPEAL FROM THE CIRCUIT COURT OF HOUSTON
COUNTY, DOTHAN, ALABAMA
CASES CC-05-1132.60

---

APPLICATION FOR REHEARING
RULE 39 (d)(5) MOTION
AND
SUPPORTING BRIEF

ASH-SHAKUR H. SHABAZZ
AIS# 244618
J708 Holman Unit
Atmore, Al. 36503

— Exhibit H —

CR-06-1124

IN THE ALABAMA COURT OF CRIMINAL APPEALS

Ash-Shakur H. Shabazz

Appellant,

V.S.

STATE OF ALABAMA,

Appellee.

## APPLICATION FOR REHEARING

Comes now the appellant, Ash-shakur Shabazz, and hereby pursuant to Rule 40 A.R.APP.P. Moves this court for rehearing of its October 26, 2007, Judgement Affirming, The circuit court denial of Appellant's Rule 32 petition, and as grounds Therefore, Appellant submits the following:

1. That this court in its opinion overlooked the facts and mis-apprehended appellants claims raised in his petition.

2. That this court in its opinion unreasonably applied controlling precedent to the appellants claims, which resulted in the court rendering a decision in direct conflict with prior precedents on the same or similar point of law.

3. Submitted herewith is a brief and argument in support of rehearing.

Wherefore, premises considered appellant prays that this court will set aside its opinion of October 26, 2007, and reversing the judgement of the circuit court and remanding for a new trial.

Respectfully Submitted,

Ash Shakur Shabazz

AIS# 244618

3700 Holman Atmore, Al 36503

## IN THE ALABAMA COURT OF CRIMINAL APPEALS

ASH SHAKUR H SHABAZZ                    *
Appellant,

V.S.                                   *  CR-06-1124

STATE OF ALABAMA,                      *
Appellee.                              *

## RULE 39 (d)(5) STATEMENT OF FACTS

Comes now the Appellant Ash-shakur h. Shabazz, and request that
the court add to its opinion on rehearing the following facts:

This is a appeal from the conviction and denial of a rule 32
petition, in the circuit court of Houston county, alabama.

On june 9, 2005, Appellant was indicted for the charge of rape
second degree and sodomy second degree.
  On june 11, 2005, Appellant was arrested for those charges
then convicted of one-count of second degree rape, in violation
of §13A-6-62 Ala.Code, and one count of second degree sodomy,
in violation of §13-A-6-64 Ala.Code, 1975 and sentenced to (26)
years imprisonment on both counts, with the sentence to run
concurrently under the habitual offender act.

Appellant appealed this conviction.

On april 6, 2006, Appellant filed a rule 32 petition for post-
conviction relief.
On april 6, 2006, in forma paupris is granted.

On april 13, 2006, Rule 32 hearing is set.

On february 30, 2007, Rule 32 petition was denied.

On march 16, 2007, Appellant filed a timely notice of appeal.

In Appellants rule 32 petition appellant stated these grounds
for relief:
Denial of effective assistance of counsel;

1. Counsel fail to object to the trial court erroneous
consolidation of the charges.
2. Counsel fail to object to the prosecution use of its
peremptory strikes.
3. Counsel fail to object to the trial court failure to admonish
the jury during lunch break.
4. Counsel fail to object to the trial court acting in the the
role of the prosecution.
5. Counsel fail to advise the petitioner of his right to testify.
6. Counsel fail to move for a mistrial or exclusion of the victim
testimony on the grounds of tampering with the witness.
7. Counsel fail to move for mistrial based on the introduction
of hearsay evidence.
8. Counsel fail to object to the trial court oral instruction
to the jury.
9. Counsel fail to move to suppress the statement of the
appellant on the grounds that it was the product of threats,
intimidation and police coercion.

THE TRIAL COURT WAS WITHOUT JURISDICTION TO SENTENCE OR IMPOSE
JUDGEMENT.

THE SENTENCE IMPOSED EXCEEDS THE MAXIMUM AUTHORIZED BY LAW OR
IS OTHERWISE NOT AUTHORIZED.

Appellant , further submitted that his trial counsel did not
render reasonably effective assistance of counsel prior to during
and after his trial.

Counsel errors and omissions were deficient and prejudice the
substantial rights of appellant, to the extent that he was
deprived of his sixth and fourteenth amendment rights to a fair
trial.

Appellant submits but for counsel error, there's a reasonable probability the results of the proceeding would have been different.

In the february 26, 2007, order denying appellants petition, as to claim (1) the state adopted attorney john steensland testimony that no valid objection could be raised on the consolidation issue insofar as it was the same victim same date and same incident, as to claim (2) he further testified that there was no systematic exclusion of male or blacks on the jury panel. with respect to claim (9) Mr steensland stated that waiver of rights statement specifically stated there were no threats or coercion used against the defendant which the defendant signed As to claim (B) the state avers that the defendant admitted that he had three or more felony convictions.
  The circuit court in its order never addressed claims 3,4,5,6,7, 8, or claim (C) of the petition , simply referring to the appellants letter he wrote to attorney stating his representation was adequate.

The trial court stated , based on the evidence, the court is reasonable satisfied there from that petitioners ineffective assistance of counsel claim must fail, additionally most if not all of these issues could hane been raised on appeal but were not.

CR-06-1124

IN THE ALABAMA COURT OF APPEALS

ASH SHAKUR H. SHABAZZ
Appellant,
V.S.
STATE OF ALABAMA,
Appellee.

---

ON APPEAL FROM THE CIRCUIT COURT OF HOUSTON
COUNTY , ALABAMA
CC05-1132.60

---

BRIEF IN SUPPORT OF APPLICATION

Ash Shakur Shabazz
# 244618
3700 Holman Unit
Atmore, Al 36503

## STATEMENT REGARDING ORAL ARGUMENTS

Appellant reverse the right to oral arguments in the event of
a hearing.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENTS-------------------- i
TABLE OF CONTENTS------------------------------------- i
TABLE OF AUTHORITIES---------------------------------- ii
STATEMENT OF CASE AND FACTS--------------------------- ii
ISSUES PRESENTED FOR REVIEW--------------------------- ii
STANDARD OF REVIEW------------------------------------ i.
SUMMARY OF THE ARGUMENTS------------------------------ 1-6
CONCLUSION-------------------------------------------- 7,
CERTIFICATE OF SERVICE-------------------------------- 7,

1

## TABLE OF AUTHORITIES

STRICKLAND V STATE 771 so.2d 1123,1125 (1999)------------ 1.

STRICKLAND V WASHINGTON 466 U.S. 668 (1984)------------ 2.

RICHARDSON V STATE 403 so.2d 293 (1981)------------ 3.

COOK V STATE 36 ala. app. 449 (1952)------------ 3.

EPHRAIM V STATE 627 so.2d 1102 (1997)------------ 4.

ROCK V STATE  453 U.S. 44 (1987)------------ 4.

STRICKLAND SUPRA------------ 4.

CARTER V KENTUCKY 450 U.S. 788 (1981)------------ 5.

KNOTTS V STATE 686 so.2d 431 (1995)------------ 5.

PAYNE V STATE 356 U.S. 560 (1985)------------ 5.

ARIZONIA V FULMINATE 499 U.S. 275 (1961)------------ 6.

EXPARTE WILLIAMS 510 so.2d 135 (1987)------------ 6.

ELSTON V STATE  687 so.2d 1239 (1996)------------ 6.

RJS V STATE  905 so.2d 26 (2004)------------ 6.

Other Authorities: Rule 32.2 (a)(4)

## STATEMENT OF CASE AND FACTS

Appellant adopts the statement of the case and facts as set-
out in his Rule 39 (d)5) motion, submitted with this application
for rehearing.

## ISSUES PRESENTED FOR REVIEW

I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN THE FAILURE
TO MAKE SPECIFIC FINDINGS OF FACTS AS TO EACH CLAIM RAISED BY
APPELLANT ?

II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING
RELIEF ON THE CLAIMS RAISED BY APPELLANT IN HIS PETITION ?

## STANDARD OF REVIEW

The standard for reviewing a circuit courts judgement denying a petition for post-conviction relief filed pursuant to Rule 32 , is whether the circuit court exceeded the scopr of its discretion in denying the petition. STRICKLAND V STATE, 771 so.2d 1123,1125 Ala.Crim.App. 1999)

## SUMMARY OF ARGUMENTS

I. with respect to issue one, Appellant ineffective assistance of counsel claims, shabazz argues that he is due to relief on these claims he pleaded facts and evidence, supporting his claims and has showed how he was prejudiced by counsel deficient performance. Furthermore, shabazz argues that the trial court's order fail to make specific findings of facts with respect to claim H-I, only points to a procedural bar of rule 32.2 (a)(4). Appellant contends that a statement of the basis of the trial court decision is essential to afford the appellant due process.

II. III. with respect to issues two and three. Shabazz argues that the trial court abused its discretion in denying the petition, as he presented evidence and facts that entitled him to relief.

Therefore, this court should reverse the judgement of the trial court, and direct that a new trial , be afforded Shabazz.

## ARGUMENT

I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN ITS FAILURE TO MAKE SPECIFIC FINDINGS OF FACTS AS TO EACH CLAIM RAISED BY APPELLANT ?

IN his petition, Appellant essentially presented three (3) ground

for relief:

1. denial of effective assistance of counsel.
2. the trial court was without jurisdiction to render judgement or impose sentence.
3. the sentence imposed exceeds the maximum authorized by law.

This court in its memorandum opinion misapprehended facts and evidence in affirming the circuit court judgement, stating that appellants ineffective assistance of counsel claims A,B,C,D,G were not sufficiently plead.

Contrary to this argument, appellant identified nine specific instances of ineffective assistance of counsel, and submitted facts, with evidence citation to the original trial records where counsel errors or omissions prejudiced appellant's defense and deprived him of a fundamental fair trial within the meaning of the Supreme Court decision in Strickland V Washington., as to;

claim A. Counsel failed to object to erroneous consolidation.

This court stated that this claim was insufficiently plead, and not a claim inwhich relief could be granted.

Contrary to this, the record reflects that there was never a motion filed by either party to consolidate the offense, nor was appellant given the opportunity to be heard.

This claim was presented to the trial court with facts and evidence, and counsel failure to object was prejudical to appellant's fair trial rights.

claim B. Consel failed to object to prosecutions use of its peremptory strikes.

This court stated this this claim was insufficiently plead, and not a claim inwhich relief could be granted.

2

Contrary to this, Appellant presented this claim in his rule 32 petition, the record in this case did not contain the master jury list or strike list, therefore, appellant moved for discovery of such in the trial court. Howvever, the trial court fail to order discovery.

this court should remand this case with direction that the trial court order discovery and make it apart of the recoed on appeal. counsel failure to object, was prejudical to the fair rights of appellant.

claim C. Counsel failed to admonish the jury during lunch recess.

This court stated that this claim was insufficiently plead and not a claim inwhich relief could be granted.

Contrary to this, Appellant contends that he was prejudiced by counsel failure to object as it allowed the jury to consider outside influences in arriving at their verdicts.

claim D. Counsel failed to object to trial court acting as prosecution.

This court stated that this claim was insufficiently plead, and not a claim inwhich relief could be granted.

Contrary to this, Appellant argues that he was prejudiced by counsel failure to object to the trial court questioning of a witness in this case concerning a material element of the proceedings, The trial court questioned the states lead investigator, to elicit evidence regarding the victims  and appellant's age.

Appellant contends that this was error. See RICHARDSON V STATE , 403 so.2d 293 (1981) COOK V STATE , 36 Ala.App.449 ( 1952).

this claim was presented to the trial court with facts and evidence, and counsel failure to object prejudiced appellant.

claim G, Counsel failed to move for mistrial based on the introduction of hearsey evidence.

This court stated that this claim was insufficiently plead and not a claim inwhich relief could grant.

Contray to this, during direct examination of detective crawford,

3.

the trial court sustained on objection, on the grounds of hearsay
in spite of the sustained objection the prosecution still
illicited the hearsay evidence from the witness.

Appellant cintends that counsel errors and omissions was
prejudical to his fundamental fair right to a fair trial, as
it allowd the jury to consider inadmissible evidence on a
material issue in the case in arriving at their verdicts.

This claim was presented to the trial court with facts and
evidence and appellant is entitled to relief on this claim.

claim E. Counsel failed to advise petitioner of his rights to
testify.

This court stated that the appellant's counsel was not
ineffective for not allowing appellant to testify in his own
behalf.

Contrary to this the right to testify in his own behalf if firmly
rooted in our legal system.
See Rock v Arkansas, 463 U.S. 44 (1987) See Ephraim V State,
627 so.2d 1102 (1997). Appellant argues that his trial counsel
fail to inform him of this personnal and fundamental right,
and that he was prejudiced thereby.

claim F. Counsel failed to move for mistrial or exclusion of
victims testimony.

This court stated that this claim is without merit and
unsupported by the record.

Contrary to this, the record reflects that initially the victim
refused to give a statementr and initially stated that someone
else was the father of the child. R. 53-54,58-59.

Counsel error in failing to move for exclusion of the victims
testimony based on the clear evidence in the record, was
prejudical to the appellant right to a fair trial. Strickland.
Supra.

4.

claim K. Counsel failed to object to the trial court oral instruction to the jury.

This court stated that this claim is precluded by rule 32.2 (a)(4).

Contrary to this, during the trial courts oral instruction t the jury it made (3) three crucial errors;

1. the trial court erred when the court stated " that must not and you cannot take that into consideration, regarding appellant right not to testify. R.104 See Carter V Kentucky 450 U.S. 288 (1981).
2. the trial court erred in allowing the jury to take their personnal notes into the jury deliberation room R. 105-6. It allowed the jury to consider inaccurate outside influences.

3. the trial court fail to instruct the jury that they must be unanimous with there verdicts with respect to each charge.

Appellant aruges that the errors allowed the jury to find him guilty of all charges based on the evidence of a single charge. See Knotts V State, 686 so.2d 431 (1995).

Appellant argues that counsel errors and omission prejudiced his rights and are not subject to the preclusionary bars of rule 32.2 because they are ineffective assistance of counsel claims.

claim L. Counsel failed to move to suppress the statement of appellant on the grounds that it was a product of police coercion

This court stated that this claim is precluded by rule 32.2 (aq)(4).
Contrary to this at the time of his arrest law enforcement officers rushed into his residence, and forced him to the police station for interrogations and threated him. R.67-68

In Payne V Arkansas 356 U.S. 560 (1958) it was held that :

5.

the admission of a coerced confession violates the judgement.
See Arizona V Fulminate, 499 U.S. 275 (1991).

Appellant argues, under the circumstances, counsel failure to
move for suppression of the statement was prejudical to the
fair trial rights of appellant. Kimmelman V Morrison, 477 U.S.
365 (1987).
Furhter this claim is not subject to the preclusionary bars
of rule 32.2 (a)(4), because it is an ineffective assistance
of counsel claim.

claim II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN
DENYING PETITION, WHEN THE TRIAL COURT WAS WITHOUT JURISDICTION
TO IMPOSE SENTENCE AND APPELLANT SENTENCE EXCEEDS THE MAXIMUM
AUTHORIZED BY LAW ?

this court stated that the record supports the trial court
findings of facts and defense attorney testimony at the
evidentiary hearing, that appellant admitted to these prior
felony convictions from New Jersey at the hearing was sufficient.

Contrary to this, Appellant argues that his argument is two-
fold regarding his illigal sentence, First, Appellant argues
that the Habitual Offender Act was never invoked, because the
prosecution never brought to the court's attention that it would
seek application of the habitual offender act and the record
reflects no notice of the prior conviction was ever given.

In Exparte Williams 510 so.2d 135 ( Ala.1987,) The Alabama
Supreme Court held that the Habitual Offender Act is not Self-
executing.

Secondly, Appellant argues that his sentence is illigal because
the state fail to prove that any-out-of-state prior convictions
would have constituted a felony if the conduct was commited
in Alabama. See Elston V State, 687 so.2d 1239 (1996) RJS V
State, 905 so.2d 26 (2004).

6.

Therefore, the court of criminal appeals erred in affirming the judgement below, this court should have remanded this case for proper sentence, and or afford appellant a New trial.

## CONCLUSION

Based on the foregoing, Appellant request that upon further review this court will grant rehearing and reverse the judgement of the circuit court ans remand with instruction of a New Trial.

Respectfully Submitted

Ash-Shakur Shabazz
Ais # 244618
3700 Holman Unit
Atmore, Al 36503

## CERTIFICATE OF SERVICE

I hereby certify that I have served all parties by U.S. mail POstrage, Prepaid and properly addressed as follows.

date; November 7, 2007

Attorney General Office
Troy King
11 South Union st
Montgomery Al 36130

Ash-Shakur Shabazz

7.

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



Lane W. Mann
  Clerk
Gerri Robinson
  Assistant Clerk

P. O. Box 301555
Montgomery, AL 36130-1555
(334) 229-0751
Fax (334) 229-0521

November 30, 2007

**CR-06-1124**

Ash-Shakur Halim Shabazz v. State of Alabama  (Appeal from Houston  Circuit Court:
CC05-1132.60; CC05-1133.60)

## NOTICE

You are hereby notified that on November 30, 2007 the following action was taken in the
above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Carla Woodall, Circuit Clerk
    Ash-Shakur Halim Shabazz, Pro Se
    James B. Prude, Asst. Atty. Gen.

— Exhibit I

S. Ct. no

107298
Pride

# In the Alabama Supreme Court

## Ex Parte Ash-Shakur Halim Shabazz

( IN RE: Ash-Shakur Halim Shabazz,
Petitioner - Appellant.)

### Vs.

### State of Alabama

### Respondent - Appellee

On appeal from the Circuit Court
of Houston County, Dothan Alabama
CC-05-1132.60

Petition for Writ of Certiorari
To the Alabama Court of Criminal
Appeals
CR: 06-1124

Ash-Shakur Shabazz
AIS# 244618
3700 Holman Unit
Atmore, Alabama
36503

Exhibit J

In the Supreme Court of Alabama

Ex parte Ash-Shakur Shabazz,    S. Ct. NO _____
Petitioner,

                                Crim. App. No __CC-06-1124__
VS

State of Alabama                Houston Cty. Cir. No __CC-05-1132-60__
Respondant,

Petition for Writ of Certiorari

To the Honorable Chief Justice and Associate Justice of the Alabama Supreme Court;

Come now your petitioner Ash-Shakur Shabazz, Pro Se, in the above styled cause, and hereby pursuant to Rule 39 of the Alabama rules of Appellate procedure, petition this Honorable court court for a Writ of Certiorari, to issue to the Alabama Court of Criminal Appeals, and as grounds therefore submit the following:

1) Petitioner Ash-Shakur Shabazz was indicted by a Houston County Grand Jury on June 9, 2005 for the charge of Rape second degree and Sodomy second degree.

2) On June 11, 2005 was arrested for those charges, then convicted of the one (1) count of second degree rape, in violation of 13A-6-62 Ala. code, and one (1) count of second degree Sodomy, in violation of 13A-6-64 Ala. code, 1975 and sentence to twenty-six (26) years imprisonment on both accounts, with the sentence to run concurrently under the Habitual offender Act.

3) On direct Appeal petitioner presented three (3) claims relief:

① Denial of effective assistance of counsel, ② the trial court was without Jurisdiction to impose sentence; ③ sentence imposed exceeds the MAXIMUM Authorized by Law

On August 11, 2006, the Alabama Court of Criminal Appeals affirmed, and issued a certificate of Judgement.

4) On April 6, 2006, petitioner filed a timely Rule 32 petition for post-conviction relief, raising nine (9) claims of ineffective assistance of counsel; the trial court was without jurisdiction to sentence or impose judgement; the sentence imposed exceeds the maximum authorized by Law or is otherwise not Authorized

5) On February 30, 2007, after an Evidentiary Hearing was conducted - the trial court denied

6) On March 16, 2007, petitioner filed a timely notice of appeal

7) On appeal to the Alabama Court of Criminal Appeals, petitioner raised the same

8) On October 26, 2007 the Alabama Court of Criminal Appeals affirmed by memorandum opinion the Circuit Court Judgement

On November 30, 2007, an application for rehearing was filed

9) A copy of the opinion of the Appellate Court is attached hereto as Exhibit A.

10) Pursuant to Rule 39(d)(5), A.R.A.P. Petitioner submitted the Court of Criminal Appeals on Rehearing, a motion to Add or correct the facts to be included in its opinion on Rehearing the following is a verbatim copy of the facts presented to that court:

Appellant submits but for counsel error, there's a reasonable probability the results of the proceedings would have been different.

In the February 26, 2007, order denying appellants petition, as to claim (1) the state adopted attorney John Steenslaud testimony that no valid objection could be raised on the consolidation issue insofar as it was the same victim same date and same incident, as to claim (2) he further testified that there was no systematic exclusion of males or blacks on the jury panel. With respect to claim (9), Mr. Steenslaud that waiver of rights statement specifically stated there were no threats or coercion used against the defendant, which the defendant signed. As to claim (8) the state avers that the defendant admitted that he had three (3) or more felony conviction.

The Circuit Court in its order never addressed claims 3, 4, 5, 6, 7, 8, or claim (c) of the petition, simply referring to the appellants Letter he wrote to attorney stating his representation was adequate.

The trial court stated, based on the evidence, the court is reasonable satisfied there from the petitioner ineffective assistance of counsel claim must fail, additionally most if not all of these issues could have been raised on appeal but were not.

Respectfully Submitted

Ash-Shakur Shabazz
A/S # 244448
Holman Unit 3700
Almore, Alabama
36503

# Rule 32(d)(5) Statement of Facts

This is an appeal from the conviction and denial of a Rule 32 petition, in the circuit court of Houston County, Alabama.

On June 9, 2005, appellant was indicted for the charge of rape second degree and sodomy second degree

On June 11, 2005, appellant was arrested for these charges then convicted of one (1) count of second degree rape, in violation of §13A-6-62 Ala. Code. 1975 and sentence to twenty-six (26) years imprisonment, to run concurrently with the conviction of second degree sodomy, under the Habitual Offender Act.

Appellant appealed this conviction

On April 6, 2006, appellant filed a Rule 32 petition for post-conviction relief.

On April 6, 2006, in forma pauperis is granted.

On April 13, 2006, Rule 32 hearing is set.

On February 30, 2007, Rule 32 petition was denied.

On March 16, 2007, appellant filed a timely motion of appeal.

In appellants Rule 32 petition, appellant stated these grounds for relief:

Denial of effective assistance of counsel;

1) Counsel fail to object to the trial court erroneous consolidation of the charges.

2) Counsel fail to object to the prosecution use of its preemptory strikes

3) Counsel fail to object to the trial court failure to admonish the jury during lunch break.

4) Counsel fail to object to the trial court acting in the role of prosecution.

5) Counsel fail to advise the petitioner of his right to testify.

6) Counsel fail to move for a mistrial or exclusion of victim testimony on the grounds of tampering with the witness.

7) Counsel fail to move for mistrial based on the introduction of hearsey evidence.

8) Counsel fail to object to the trial court oral instruction to the jury.

9) Counsel fail to move to suppress the statement of the appellant on the grounds that it was the product of threats, intimidation and police coercion.

The trial court was without jurisdiction to sentence or impose judgement.

The sentence imposed exceeds the maximum authorize by law or is otherwise not authorized.

Appellant, further submitted that his trial counsel did not render reasonably effective assistance of counsel prior to during and after his trial

Counsel errors and omissions were deficient and prejudi the substantial rights of appellant, to the extent that he was deprived of his sixth and fourteenth amendment righ to a fair trial.

11) Petitioner alleges as grounds for the issuance of the writ, the following.

(a) The basis of this petition for the writ is that the decision of the Court of Criminal Appeals is in direct conflict with prior decisions of the United States Supreme Court; Alabama Supreme Court and the Court of Appeals very own prior decision on the same or similar points of Law

Petitioner avers that Rule 39(3)(B) A.R.A.P. is applicable, because there is no wording in the court of appeals opinion that clearly shows the conflict, however the Court of Criminal Appeals with regard to petitioner's improper consolidation claim the court stated:

"During the evidentiary hearing, evidence was presented that consolidation was proper because the charges arose out of the same set of facts and with the same defendant. Additionally, the appellant failed to present any evidence that he was prejudiced by counsel's failure to object."

In this case, the record reflects that there was never a motion to consolidate filed pursuant to Rule 13-3(c) Ala. R. Crim. P., by either party, nor was the petitioner given the opportunity to be heard.

Rule 13-3(c) provides in pertinent parts:

"The court shall not order the offenses or the defendants, as the case may be, tried together without first providing the defendant or defendants and the prosecutor to be heard.

This rule has been held to be mandatory and requires strict compliance. Noncompliance results in Reversible error - Ex parte

473 So. 2d 545 (Ala. 1983); <u>Lee v. State</u>, 748 So. 2d
(Ala. Crim App. 1999)

Petitioner avers that he was prejudiced by his
counsel failure to object to the consolidation, because
it allowed inadmissible evidence to be considered

The court of Criminal Appeals decision is in
direct conflict with the above cited case and <u>Strickland</u>
<u>v. Washington</u>, 406 U.S. 668 (1984)

(b) With regards to counsel's failure to object to
the state's racially discriminatory use of it's peremptory
strikes. The court of criminal appeals held:

" Trial court testified that there was no
ground for a <u>Batson</u> objection, and the appel-
lant offers no specific evidence to the
contrary."

The jury venire from which petitioner's
petit jury was draw consisted of at large a dozen (12)
males, the prosecutor during the striking process exer-
cise its peremptory strikes to remove all but three (3)
males.

The record does not contain the venire or the
strike list, petitioner requested discovery of the evid-
ence in the trial court, but the court failed to order
Discovery.

In J.E.B. v. Alabama 511 U.S. 127 (1994),
the U.S. Supreme Court extended its holding in
<u>Batson v. Kentucky</u>, 476 U.S. 79 (1986) to Gender -
based strikes.

Petitioner avers that trial counsel failure
to object to the purposeful discrimination by the
prosecution was prejudical to his fundamental
rights. Ex parte Yelder, 575 So. 2d 137 ( Ala. 1990)
erred in affirming that the court of
Accordingly, the court of judgement

(c) The court of Criminal Appeals in its memo-
rádum opinion held that several of petitioner's claims

of ineffective assistance of counsel were insufficiently pleaded, and fail to state a claim. Specifically, the court held:

"The Appellant's claims that trial counsel was ineffective for failing to object to the trial court's failure to admonish the jurors before allowing them to separate for lunch; For failing to object to the trial court's questioning of a witness regarding a material element of the crime; and for failing to request a mistrial or cautionary instructions about the admission of hearsay evidence after the trial court sustained the objection, were insufficiently pleaded, and therefore, as the state argued in its motion for summary disposition, failed to state a claim upon which relief could be granted."

Petitioner avers contrary to the court of Criminal Appeals holding. The records reflect that the above claims met the pleading requirements of Rule 32.3 Ala. Crim. P., As petitioner in his Rule 32 petition submitted facts, evidence with citation to the trial court record. See Johnson v. State, 835 So. 2d 1077 (Ala. Crim. App. 2001)

Petitioner maintain that he was prejudiced by counsel failure to the court failure to admonish the jury as require by Rule 19.3(b) Ala. R. Crim. P.; For failure to object to the trial court eliciting evidence on the essential elements of the offense. See Richard v. State 403 So. 2d 293 (Ala. Crim. App. 1981), and for failure to object to the prosecution putting inadmissible evidence of hearsay before the jury, after the trial court had sustained an initial objection.

The court of Criminal Appeals erred in affirming the judgement of the trial court in this regard.

(d) The court of Criminal Appeals in its memorandum opinion held:

trial counsel's testimony at the evidentiary hearing that the alleged threats were brought out at trial through the victim testimony."

Petitioner avers that the record reflects that the victim initially refused to give a statement and further stated that someone else was the father of the child. (R. 52-54, 58, 79) It was only after the threats, pressure and the coercion from the law enforcement and agent from the Human Resource, did the victim change her story to implicate the petitioner.

While it is true, that the threats was brought out during trial. It is equally true that counsel did not move to exclude the victim testimony

Counsel deficient performance in this regards was highly, prejudicial to the petitioner because it allows the jury to consider the tainted testimony in arriving at their verdict. Strickland supra.

The court of Criminal Appeals erred in affirming the trial court's judgement.

(f) The court of Criminal Appeals in its memorandum opinion held:

"the trial court, in its order was correct in denying the Appellant's ineffective assistance of trial counsel claims, not only on the merits of the respective claims, but also pursuant to the procedural bar Rule 32-2(a)(4), Ala. R. Crim. P., stating that the claims could have been, but were not, raised on appeal."

Petitioner avers that this finding by the court of Criminal Appeals is clearly erroneous, as the record clearly shows that petitioner was convicted after this, court decision in Ex parte Ingram 675 So.2d 863 (Ala. 1996) and he could not reasonably have presented a claim of ineffective Assistance of counsel on Direct Appeal, see Madison

v. State 2006 Ala. Crim. App. Lexis 109

Moreover, the trial court address the merits of petitioner's claims. Therefore, the court of Criminal Appeals cannot sua sponte assert the preclusion defense. Ex parte Clemons, 2007 Ala. Lexis 78

(g) The court of Criminal Appeals, in its memorandum opinion held:

"The Appellant claims that the trial court was without jurisdiction to render judgement or to impose sentence because the sentence exceeds the maximum authorized by law. In support of his claim, he argues that his sentence was excessive because the Habitual Felony offender act was never invoked. The record supports the trial court finding of fact, and defense counsel's testimony at the evidentiary hearing, that the appellant admitted to three (3) prior convictions from New Jersey at the sentencing hearing."

Petitioner avers the court of Criminal Appeals Apparently misapprehended petitioner's claims.

Petitioner's testimony, arguments regarding his illegal sentence claims is two(2) fold. First, petitioner argues that the Habitual offender act was never invoked because the prosecution never brought to the court attention that it would seek application of the habitual offender act, and the record reflect No notice of the prior convictions was ever given. See Ex parte Williams, 510 So. 2d 135 (Ala. 1987) (The Habitual offender act is not self-executing).

Secondly, petitioner argued that his sentence is illegal because the state failed to prove that the prior felony convictions from New Jersey would have constituted a felony conviction under Alabama Law. See Elston v. State, 687 So. 2d 1239 (1996); R.J.S. v. State, 905 So. 2d 26 (2004)

"The appellant claims that trial counsel was ineffective for not allowing him to testify in his own defense. However, the appellant admitted during the evidentiary hearing that although trial counsel advised him not to testify, he made the decision not to testify."

The right to testify in a defendant's own defense is firmly rooted in our legal system. See Rock v. Arkansas, 463 U.S. 44 (1987); and Art. I section 6 of the Alabama Constitution of 1901 and Reeves v. State, 2007 Ala. Crim. App. Lexis 91

In this case, though testimony admitted by petitioner, that he made the decision not to testify, that decision was made without counsel fully informing the petitioner of his personal fundamental right. The petitioner initially desired to testify, but counsel informed the petitioner that the prosecution would bring up his prior convictions. Counsel never inform petitioner that the priors could only be considered as impeachment and that petitioner was entitled to a jury instruction that the priors could only be considered as impeachment.

Petitioner contends had he been fully advised of all defense constitution Rights on behalf. he would had adhered this initial

Counsel error in this regard was prejudical to the defendant. See Gallego v. U.S., 174 F.3d 1196 (11th Cir. 1999), and the court of Criminal Appeals erred in affirming the Circuit Court Judgement.

(e) The court of Criminal Appeals, in its memorandum opinion held:

"The appellant's claim that he was prejudiced by the trial counsel's failure to move for exclusion of the victim's testimony on the ground that law enforce- ment and the workers from the department of Human Resources threaten the victim is without merit and unsupported by the record based on

The fact that the petitioner may have admitted to no prior convictions cannot relieve the state of its mandatory requirements. See _Bogan v. State_, 607 So 2d, 322, 325 (Ala-Crim. App. 1992)

Petitioner avers that the court of Criminal Appeals erred in affirming the trial court's judgement.

(h) As a final basis for the issuance of this writ, the court of Criminal Appeals apparently overlooked a claim of ineffective Assistance of counsel that was properly before it, thus depriving the petitioner, of an appeal of the trial court judgement.

Petitioner in his Rule 32 petition and in his briefs to the court of Criminal Appeals raised the claim that his; trial counsel was ineffective for failure to object to the trial court erroneous Jury charges (c.r. 18)

In support of the claim, petitioner with citation to the trial records showed that the trial court erroneously instructed the jury as to petitioner's right not to testify (R.104) that the trial court erred in instructing the jury that they could take their personal notes in the deliberation room; the trial court fail to instruct the jury to consider each charge separately and their verdict must be unanimous. See _Knotts v. State_, 686 So. 2d 431 (Ala. Crim. App. 1995)

Petitioner avers that a review of the Court of Criminal Appeals memorandum opinion, clearly shows that the court of appeals fail to address this claim.

Petitioner has a right to appeal the circuit court's judgement. see Rule 32.10 Ala. R. Crim. P.

The Court of Criminal Appeals erred in not addressing this claim.

Wherefore, premises considered petitioner respectfully requests that after preliminary examination, the writ of certiorari be granted and that this court proceed under its Rules to review the matters complained of, and to reverse the judgement of the court of Criminal Appeals

and for such other relief as petitioner may be en-
titled

Respectfully
Submitted

Ash-Shakur H-Shabazz
AIS # 244618
3700 Holman Unit
Atmore, Alabama
36503-3700

## Certificate of Service

I hereby certify that I have this 10th day of
December 2007, served a copy of the foregoing on all
parties to this proceeding by placing a copy of the same
in the U.S. mail, postage prepaid and properly addressed
as follows:

LANE W. MANN, Clerk
Alabama Court of Criminal Appeals
300 Dexter Avenue
P.O. Box 301555
Montgomery, Alabama 36130

Troy King
Alabama Attorney General
11 South Union Street
Montgomery, Alabama 36130

Ash-Shakur H- Shabazz

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

### State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555

**RELEASED**

OCT 2 6 2007

CLERK
ALA COURT CRIMINAL APPEALS

PAMELA W. BASCHAB
Presiding Judge
H.W."BUCKY" McMILLAN
GREG SHAW
A. KELLI WISE
SAMUEL HENRY WELCH
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

## MEMORANDUM

CR-06-1124     Houston Circuit Court 05-1132.60; 05-1133.60

Ash-Shakur Halim Shabazz v. State of Alabama

McMILLAN, Judge.

The appellant appeals from the trial court's order denying his Rule 32, Ala. R. Crim. P., petition.

In its order denying the petition, the trial court stated:

"A hearing was held this date. The Petitioner and his attorney were present. The State of Alabama was represented through its assistant district attorney, Mr. David Atwell.

1

06-1124

Evidence at said hearing went to the issue of ineffective
assistance of counsel.  Petitioner Shabazz testified to the
following: (1) That trial counsel John Steensland should have
objected to a consolidation of charges; and (2) That attorney
Steensland should have objected to the compositions of the
jury; and (3) That a suppression issue existed in that he was
coerced into giving a statement; and (4) That the circuit
court sentenced him improperly by treating him as a habitual
offender.

   "Attorney John Steensland testified that no valid
objection could be raised on the consolidation issue insofar
as its was the same victim, same date and same incident.  He
further testified that there was no systematic exclusion of
males or blacks on the jury panel.  With respect to the
suppression issue, Mr. Steensland stated that a waiver of
rights statement specifically stated there were no threats or
coercion used against the Defendant, which the Defendant
signed.

   "As to prior convictions being used for enhancement under
the habitual offender act the Defendant admitted that he had
three or more felony convictions. Most damaging was a letter
introduced as State's exhibit 1 wherein the Defendant stated
that his representation was adequate.  This letter was sent by
the Defendant to Mr. Steensland after the trial of the case.

   "Based on the evidence, the Court is reasonably satisfied
therefrom that Petitioner's ineffective assistance of counsel
claim must fail.  Additionally, most, if not all, of these
issues could have been raised on appeal but were not."

   On appeal, the appellant raises the following issues

contained in his Rule 32 petition and presented to the trial

court:

   1) That he received ineffective assistance of trial
counsel because: a) counsel failed to object to the trial
court's erroneous consolidation of the charges for trial,
without giving him notice and opportunity to be heard; b)
counsel failed to object to the prosecution's use of its
peremptory strikes to remove males from the jury; c) counsel
failed to object to the trial court's failure to admonish the

2

06-1124

jury during the lunch recess; d) counsel failed to object to the trial court acting in the role of the prosecution; e) counsel failed to advise the petitioner of his rights to testify in his own defense; f) counsel failed to move for a mistrial or exclusion of the victim's testimony on the grounds of coercion, threats and tampering with the witness; g) counsel failed to move for a mistrial or cautionary instructions based on the introduction of hearsay evidence after the trial court sustained the objection; h) counsel failed to object to the trial court's oral instructions to the jury; and i) counsel failed to move to suppress the statement of the petitioner on the grounds that it was the product of police coercion, threats, and intimidation;

2) That the trial court was without jurisdiction to render the judgment or to impose the sentence; and

3) That the sentence imposed exceeds the maximum authorized by law.

An examination of the record, including the transcript of the evidentiary hearing, along with the trial court's order and the briefs on appeal, reveals that the trial court was correct in denying the petition. ( During the *A* evidentiary hearing, evidence was presented that consolidation was proper because the charges arose out of the same set of facts and with the same defendant. Rule 13.3, Ala. R. Crim. P. Additionally, the appellant failed to present any evidence that he was prejudiced by counsel's failure to object. )

( With *B* regard to counsel's alleged failure to object to the State's racially discriminatory use of its peremptory strikes,

3

06-1124

pursuant to <u>Batson v. Kentucky</u>, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), trial counsel testified that there was no ground for a <u>Batson</u> objection, and the appellant offers no specific evidence to the contrary.

The appellant's claims that trial counsel was ineffective for failing to object to the trial court's failure to admonish the jurors before allowing them to separate for lunch, for failing to object to the trial court's questioning of a witness regarding a material element of the crime, and for failing to request a mistrial or cautionary instructions about the admission of hearsay evidence after the trial court sustained the objection, were insufficiently pleaded, and therefore, as the State argued in its motion for summary disposition, failed to state a claim upon which relief could be granted. Rule 32.3, Ala. R. Crim. P.; <u>Hinton v. State</u>, [Ms. CR-04-0940, April 28, 2006] ___ So. 2d ___ (Ala. Crim. App. 2006).

The appellant claims that trial counsel was ineffective for not allowing him to testify in his own defense. However, the appellant admitted during the evidentiary hearing that although trial counsel advised him not to testify, he made the

4

06-1124

decision not to testify.

The appellant's claim that he was prejudiced by trial counsel's failure to move for exclusion of the victim's testimony on the ground that law enforcement officials and a case worker from the Department of Human Resources threatened the victim is without merit and unsupported by the record based on trial counsel's testimony at the evidentiary hearing that the alleged threats were brought out at trial through the victim's testimony. See Kennedy v. State, 421 So. 2d 1351 (Ala. Crim. App. 1982) (defense counsel's testimony refuting the appellant's allegations of ineffective assistance of counsel was a sufficient basis for the trial court's denial of the Rule 32 petition.) Here, the appellant failed to plead and prove that his trial counsel rendered a deficient performance, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Lastly, the trial court, in its order, was correct in denying the appellant's ineffective assistance of trial counsel claims, not only on the merits of the respective claims, but also pursuant to the procedural bar of Rule 32.2(a)(4), Ala. R. Crim. P., stating that the claims could

5

06-1124

have been, but were not, raised on appeal.

The appellant claims that the trial court was without jurisdiction to render judgment or impose sentence because the sentence exceeds the maximum authorized by law. In support of his claim, he argues that his sentence was excessive because the habitual felony offender act was never invoked. The record supports the trial court's finding of fact, and defense counsel's testimony at the evidentiary hearing, that the appellant admitted to three prior felony convictions from New Jersey at the sentencing hearing. Pigg v. State, 925 So. 2d 1001 (Ala. Crim. App. 2005).

The judgment of the trial court is affirmed.

AFFIRMED.

Wise and Welch, JJ., concur. Baschab, P.J., and Shaw, J., concur in the result.

6

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Gerri Robinson
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 229-0751
Fax (334) 229-0521

November 30, 2007

**CR-06-1124**

Ash-Shakur Halim Shabazz v. State of Alabama  (Appeal from Houston  Circuit Court:
CC05-1132.60; CC05-1133.60)

## <u>NOTICE</u>

You are hereby notified that on November 30, 2007 the following action was taken in
the above referenced cause by the Court of Criminal Appeals:

*Application for Rehearing Overruled.*

**Lane W. Mann, Clerk
Court of Criminal Appeals**

cc: Hon. Carla Woodall, Circuit Clerk
   Ash-Shakur Halim Shabazz, Pro Se
   James B. Prude, Asst. Atty. Gen.



Ash-shakei Shabazz #208ED9 (209584)
9700 Holman Unit
Atmore, Alabama 36503

Troy King
Alabama Attorney General
11 South Union Street
Montgomery, Alabama
36130

**LEGAL MAIL ONLY**

# IN THE SUPREME COURT OF ALABAMA

*167298*
*Prude*



January 11, 2008

**1070373**

Ex parte Ash-Shakur Halim Shabazz.  PETITION FOR WRIT OF CERTIORARI TO
THE COURT OF CRIMINAL APPEALS  (In re: Ash-Shakur Halim Shabazz v. State
of Alabama)   (Houston Circuit Court: CC05-1132.60; CC05-1133.60; Criminal
Appeals : CR-06-1124).

## CERTIFICATE OF JUDGMENT

### Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND
ORDERED that the petition for writ of certiorari is denied.
    STUART, J. -  Cobb, C.J., and Lyons, Bolin, and Murdock, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 11th day of January, 2008

*Robert G. Esdale, Sr.*
Clerk, Supreme Court of Alabama

/bb                — Exhibit K            —

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-06-1124**

Ash-Shakur Halim Shabazz v. State of Alabama  (Appeal from Houston  Circuit Court: CC05-1132.60; CC05-1133.60)

# CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on October 26th 2007:

## Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 11th day of January, 2008.**

**Clerk
Court of Criminal Appeals
State of Alabama**

cc: Hon. Larry K. Anderson, Circuit Judge
Hon. Carla Woodall, Circuit Clerk
Ash-Shakur Halim Shabazz, Pro Se
James B. Prude, Asst. Atty. Gen.

- Exhit L -