RECEIVED
2008 APR 30 A 10:24
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

Ash-Shakur Shabazz
Petitioner,

2:08CV88-mef

VS.                           * Civil Action No.
                              * 2:08-CV-MEF (WO)
Grant Culliver, Warden        *
et.al                         *
Respondents,                  *

Petitioner's Traverse In Opposition To

Respondent's Answer

---

Comes now the petitioner, Ash-Shakur Shabazz, pro se, in the above styled action, and hereby submits his response to the Court's order regarding Respondent's answer to Petitioner's Habeas Petition as follows:

I. **Procedural History:**

The Houston County Grand Jury indicted the petitioner, Ash-Shakur Shabazz, on June 5, 2005 for one count of second-dedegree rape, in violation of Section 13A-6-62 of the Code Of Alabama (1975), and one count of second-degree sodomy, in violation of Section 13A-6-64 of the Code of Alabama (1975). ( C. 11-14) The Hon. Martin Adams, the Hon. M. John Steensland III and the Hon. Mark Johnson represented Shabazz at trial (R.1)


SCANNED
4302008

2. The trial begin on December 15, 2005, and verdicts of guilty on both charges were returned that same day. (C.37-38) On that same day, Shabazz waived the right to a presentence investigation and he was sentence to twenty-six(26) years of imprisonment on each conviction. (R. 115, 116, 122)

3. Shabazz filed an <u>Anders'</u> brief on appeal to the Alabama Court of Criminal Appeals and the court affirmed the convictions in a memorandum opinion on August 11, 2006. <u>Shabazz vs. State</u> CR-05-0706, (Ala. Crim. App. August 11, 2006) (Mem. op.). The Certificate Of Judgment was issued on August 30, 2006.

4. On March 23, 2006, while his Direct Appeal was still pending, Shabazz filed a petition under Rule 32 of the <u>Alabama Rules Of Criminal Procedure</u> in the Houston County Circuit Court. The Court of Criminal Appeals ordered the Circuit Court to hold the petition in abeyance until the Direct Appeal was completed. After the appeal was final, and after the Circuit Court conducted a Hearing on the claims raised in the petition, the Circuit Court denied the petition on February 23, 2007.

5. The Alabama Court of Criminal Appeals affirmed the denial on October 26, 2007. <u>Shabazz vs. State</u>, CR-06-1124 (Ala. Crim. App. October 26, 2007) (Mem. op.). His petition for Rehearing was overruled on November 20, 2007, and his petition for Writ of Certiorari filed in the Supreme Court of Alabama was denied on January 11, 2008. The Certificate of Judgment was issued that same day.

6. On February 4, 2008. Shabazz filed a petition for Habeas Corpus Relief pursuant to 28 U.S.C. §2254.

Shabazz alleged the following claims in his Federal Petition

1) He was denied his Sixth Amendment right to effective assistance of counsel when counsel failed to object to the trial court's erroneous consolidation of the charges for trial, without first giving him notice and the opportunity to be heard.

2) Counsel was ineffective and he was prejudiced thereby, when counsel failed to object to the prosecution's use of its peremptory strikes to remove males from serving on the petit jury;

3) Counsel was ineffective and petitioner was prejudiced thereby, when counsel failed to onject to the trial court's failure to admonish the jury during the lunch recess; acting in the role of the prosecution

4) Trial counsel failed to object to the trial court acting in the role of the prosecution;

5) Counsel was ineffective and petitioner was prejudiced thereby, when counsel failed to advise the petitioner of his right to testify in his own defense;

6) Counsel was ineffective and petitioner was prejudiced thereby, when counsel failed to move for a mis-

trial or exclusion of the victim's testimony on the grounds of coercion, threats and tampering with the witness;

7) Counsel was ineffective and petitioner was prejudiced thereby, when counsel fail to move for a mistrial or cautionary instruction based on the introduction of hearsay evidence after the trial court sustained the objection;

8) Counsel was ineffective and petitioner was prejudiced thereby, when trial counsel failed to object to the trial court's oral instruction to the jury;

9) Counsel was ineffective and petitioner was prejudiced thereby, when counsel failed to move to suppress the statement of the petitioner on the grounds that it was the product of police coercion, threats and intimidation;

10) He was denied due process and fundamental fairness when the trial court imposed a sentence that exceeded the maximum allowed by law.

7. On March 27, 2008, respondent filed an answer to the petition, in which respondent assert that Shabazz habeas claims are procedurally barred and/or the State Court adjudication of the merits of the claims did not contravene Title 28 U.S.C. §2254(d), as amended by the AEDPA.

II **Procedural Arguments:**

8. The respondent initially asserts that Shabazz claims of ineffective assistance of counsel is procedurally barred. Specifically, respondent asserts that:

> "The Court Of Criminal Appeals concluded that the ineffective assistance of counsel claims was procedurally barred pursuant to Rule 32.2(a)(4) of the Alabama Rules of Criminal Procedure because it could had been raised on Direct Appeal..."

(See respondent's answer pg. 6-7)

9. Petitioner avers that contrary to respondents assertion that Shabazz claims of ineffective assistance of counsel is precluded from this court review. The record reflects that the Court of Criminal Appeals addressed the merits of Shabazz sixth amendment claims, and alternatively ruled that the trial court was correct in holding that the claims was precluded. (See exhibit G. pg. 1-6)

First, Shabazz argues that the procedural bar holding violates the Harris vs. Reed, 489 U.S. 255 (1989) and Coleman vs. Thompson, 501 U.S. 722 (1991), plain statement, independent and adequate state ground presumptions, because the trial order, inwhich the Court of Criminal Appeals relies, is ambiguous and

does not identified the claims that bar applies to, specifically, the trial court with respect to this states:

> " additionally, most, if not all, of these issues could have been raised on appeal but were not."
> (See exhibit D. pg. 39)

Surely, it would be impossible for some of the claims to be barred and others not, when all the claims derived from the same proceedings.

10. In any event, Shabazz argues that the bar is not a firmly established and regularly followed state practice. See James vs. Kentucky, 466 U.S. 341, 348-49 (1984)

The record reflects that Shabazz was sentenced on December 15, 2005, and gave oral notice of appeal the same day. (See exhibit A, Trial Record, R. 5, 122-24)

On January 10, 2006, trial counsel filed a motion to withdraw which was granted by the trial court and the court appointed David Hogg to represent Shabazz on appeal. (See exhibit A, C.R. 47)

11. Further, the record reflects that no motion for new trial was filed, and the trial transcript was not completed until January 31, 2006 and transmitted on February 3, 2006. (See exhibit B, clerk's index pg. 1-3, trial transcript R. 126-28)

Petitioner avers, that under the facts and circumstances as described above, the Alabama Appellate Courts have consistently since its decision in Ex parte Ingram, 675 So. 2d 863 (Ala.

19996), held that Rule 32 Ala. R. Crim. P. is the proper vehicle in which to present claims of ineffective assistance of counsel. See Madison vs. State, 2006 Ala. Crim. App. 209.

Accordingly, Shabazz ineffective assistance of counsel claims are ripe for the court review on the merits.

III **Arguments On The Merits:**

12. Under 28 U.S.C. §2254(d)(1) and (2) Habeas Relief is not available for any claim adjudicated on the merits in state court unless the state court decision was (1) contrary to or involved an unreasonable application of clearly established Federal Law as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts. See Williams vs. Taylor, 529 U.S. 362 (2000)

In Williams, the Supreme Court held that "contrary to" means that a state court: (1) arrived at a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) when confronted with materially indistinguishable facts from a Supreme Court precedent, arrived at an opposite result. Id. at 405 "Unreasonable Application" means that a state court (1) identifies the correct legal rule but unreasonably applies it to the facts of the case; or (2) unreasonably extends or refuse to extends the legal principle to a new context. Id. See also Miller-El vs. Dretke, 545 U.S. 231 (2005), in Miller-El the court held to obtain Habeas Relief under §2254 (d)(2), a petitioner must show by a clear and convincing degree that

the state courts determinating of the facts was unreasonable or erroneous. Id. 545 U.S. at 266.

Petitioner avers that contrary to respondents assertion, the state court adjudication of the merits of his claims contravened 28 U.S.C. §2254 (d)(1) and (2).

Therefore, this court is not precluded from granting Habeas Relief and/or an evidentiary hearing on Shabazz's claims.

14. In this case as the respondent's acknowledge, Shabazz claims of ineffective assistance of counsel are governed by the all familiar clearly established Supreme Court precedent in Strictland vs. Washington, 466 U.S. 668 (1984) in which the Supreme Court held to prevail, a petitioner must show (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. Id. at 687.

15. Respondent's in their answer does not specifically addresses Shabazz sixth amendment claims, but rather resort to, and relies on the Alabama Court Of Criminal Appeals memorandum opinion addressing the issues on appeal from the denial of Shabazz's Rule 32 petition (Exhibit C, pg. 3-5), and concludes that the Alabama Court Of Criminal Appeals reasonably applied Strickland to the facts of Shabazz's case.

Shabazz disagree, and submits that the Court Of Criminal Appeals adjudication of his claims, not only was contrary to and an unreasonable application of Strickland, but was also unreasonable in light of the evidence presented in the state court proceedings.

16. With regards to Shabazz claim that he was prejudiced by counsel failure to object to the consolidation of the charges, the Court of Criminal Appeals disposed of this claim by stating "during the evidentiary hearing, evidence was presented that consolidation was proper because the charges arose out the same set of facts and with the same defendant. Rule 13.3 Ala.R. Crim.P. Additionally, the appellant failed to present any evidence that he was prejudiced by counsel's failure to object."

Petitioner avers that the record reflects that there was never a motion to consolidate the offenses filed pursuant to Rule 13.3 (c) Ala.Crim.P., by either party, and the petitioner was never given the opportunity to be heard.

Rule 13.3 (c) provides in pertinent parts:

"The court shall not order the offenses or the defendants, as the case may be, be tried together without first providing the defendant or defendants and the prosecutor an opportunity to be heard."

Under Alabama law, this Rule has been held to be mandatory and required strict compliance. Non – compliance results in reversible error. See Ex Parte Jones, 473 So.2d 545 (Ala.1985); Brown v. State, 588 So.2d 551, 553 (Ala.Crim. App.1991).

Petitioner maintains that had counsel objected to the consolidation based on lack of notice and the opportunity to be heard, there is a reasonable

probability the result of the proceeding would have been different. Strickland supra.

17. With respect to Shabazz Batson v. Kentucky, 476 U.S. 79 (1986) claim, the Court of Criminal Appeals held, "trial counsel testified that there was no ground for a Batson objection, and the appellant offers no specific evidence to the contrary."

Petitioner avers that the record reflects that the jury venire from which Shabazz petit jury was selected consisted of 12 males, the prosecutor used its peremptory strikes to remove all but 3 of the male jurors.

In J.E.B. v. Alabama, 511 U.S. 127 (1994), the Supreme Court extended its holding in Batson to gender based strikes.

In Batson, the Court laid out a three part test to evaluate the validity of challenges to peremptory strikes. First, a moving party must make a prima facie showing that a peremptory challenge has been exercised on the basis of race or gender. Once this requirement has been satisfied, the non-moving party must offer a race or gender neutral basis for the jurors in question. Batson, 476 U.S. at 96-98

In this case, the record does not contain the master jury list, or the strike list. Shabazz moved for Discovery of this evidence in the trial court to support his claim. (Exhibit C, pg. 15) However, the trial court did not

order Discovery.

Petitioner avers that he was prejudiced by counsel failure to object to the purposeful discrimination in this case. See Ex parte Yelder, 575 So.2d 137 (Ala.1991)

Petitioner avers that he is entitled to a Federal Evidentiary Hearing and Discovery on this claim. As the adjudication of this claim contravenes 28 U.S.C. § 2254 (d)

10. With respect to Shabazz claims of ineffective assistance of counsel, regarding the trial court failure to admonish the jurors before allowing them to separate for lunch; the trial court's questioning of a witness regarding a material element of the crime, and counsel failure to request a mistrial or cautionary instructions about the admission of hearsay evidence after the trial court sustained the objection.

The Court of Criminal Appeals held that these claims were insufficiently pled and fail to state a claim upon which relief could be granted. (Exhibit G).

Shabazz submits it is questionable whether the decision of the Court of Criminal Appeals constitute an adjudication of the merits to trigger 28 U.S.C. § 2254 (d) restraints.

In any event the facts of record demonstrates that Shabazz adequately plead the claims and the claims constitute a cognizable claim for relief under State and Federal law. (Exhibit D, pg. 14-20) (Exhibit E, pg. 11-16)

Accordingly, the decision of the Court of Criminal Appeals was unreasonable in light of the record evidence presented.

19. With respect to Shabazz claim that counsel deprive him of his right to testify.

The Court of Criminal Appeals held that Shabazz testified during the state court hearing that although counsel advised him not to testify, Shabazz made the decision not to testify.

Shabazz argues that the crux of his claim is that counsel did not fully advise him of his rights with regards to the decision to testify or not to testify. The record reflects that Shabazz initially desired to testify, but counsel informed Shabazz that the prosecutor would bring up his prior convictions, counsel never informed Shabazz, that the priors could only be used as impeachment evidence and not substantive evidence of his guilt, and that he was entitled to a jury instruction to his effect.

Petitioner maintains that had he been fully advised of his rights in this regards, he would have testified in his defense as he initially desired to do.

Counsel error was prejudicial to the fundamental rights of Shabazz. See Gallego v. U.S., 174 F.3d 1196 (11th Cir.1999); Barnes v. State, 2007 Ala.Crim.App.91

Shabazz is entitled to relief on this claim and/or an evidentiary hearing

20. With regards to petitioner's claim that counsel fail to move for exclusion of the victim testimony based on the victim being threatened.

The Court of Criminal Appeals held that this claim was unsupported by the record based on trial counsel's testimony that the threats were brought out at trial.

Petitioner, avers that contrary to the Court of Criminal Appeals holding, the record reveals that the victim initially refuse to give a statement and stated that someone else was the father of the child. (Exhibit A, R.52-54, 58, 76)

Petitioner avers that it was only after the threats, pressure and coercion from law enforcement officials, and an agent from the Alabama Department of Human Resource concerning the victim's child, did the victim change her story and implicate the petitioner.

Counsel failure to move for exclusion of the victim's testimony after being made aware of the threats, was outside the range of professional

responsibility required of attorney's representing criminal defendants and Shabazz was prejudice by counsel error. <u>Strickland</u>, <u>supra</u>.

21. Shabazz avers that the state court fail to address his claims that his trial counsel was ineffective for failure to object to the trial court erroneous oral instructions to the jury, and his claim that counsel should have moved to suppress his statement. (Exhibit D, pg. 18-20)

Petitioner avers that neither the trial court or the appellate court addressed these claims, eventhough the claims were presented in Shabazz's Rule 32 petition and in his brief to the appellate court. (Id., Exhibit E, pg. 14-15, which Shabazz adopts his arguments with respect to those claims)

Petitioner further avers that the State courts is not due any deference under § 2254 (d) (1), because the state court fail to adjudicate the merits, which is a predicate for the statutory prohibition. Therefore this court is not restrained from granting habeas relief on these claims, <u>Romine v. Head</u>, 253 F.3d 1349, 1365 (11th Cir.2001); <u>Miller v. Johnson</u>, 200 F.3d 274 (5th Cir.2000)

Accordingly, Shabazz is entitled to habeas relief and /or a hearing on the merits.

22. Lastly, petitioner avers that his fundamental rights to Due Process was violated when the trial court imposed an illegal sentence upon him. Specifically, petitioner argues that the prosecution never invoked the habitual offender act, because it is not self-executing. See Ex parte Williams, 510 So.2d 135 (Ala.1987) and the prosecution fail to prove that the out-of-state conviction would have constituted a Felony under Alabama law. See Elston v. State, 687 So.2d 1239 (Ala.Crim.App.1996)

The Court of Criminal Appeals in addressing this claim held that the record supports the trial court's findings of fact, that petitioner admitted to three prior felony convictions from New Jersey at the sentencing hearing.

Shabazz argues that contrary to the Respondents position the state of Alabama cannot be relieved of its burden of proof by getting the petitioner to admit to the priors at sentencing. See Logan v. State, 607 So.2d 322, 325 (Ala.Crim.App.1992)

Petitioner avers that it would be a fundamental miscarriage of justice to allow his sentence to stand, where the state of Alabama set out Due Process procedures and then fail to follow those procedures in imposing sentence upon the petitioner.

Shabazz is entitled to habeas relief and/or an evidentiary hearing on this claim.

Based on the foregoing, Shabazz argues that he is entitled to habeas relief and/or an evidentiary hearing on his habeas claims heretofore presented.

Respectfully Submitted,

/s/ Ash Shakur Shabazz

Ash Shakur Shabazz
AIS 244618
Holman Unit 3700
Atmore, Al. 36503

### CERTIFICATE OF SERVICE

I hereby certify that I have on this the 29 day of April 2008, served a copy of Petitioner's Traverse in Opposition to Respondents Answer by placing a copy of the same in the United States mail, postage prepaid and properly addressed as follows.

James D. Prude
Assistant Attorney General
11 South Union St.
Montgomery, Al. 36130

_____
Ash Shakur Shabazz

Ash-Shakur Shabazz
AIS# 244618 - D1
Holman Unit 3700
Atmore, Al.
       36503-3700



This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Office of the
U.S. District C
Middle District
     P.O. Box M
Montgomery, Al