IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ASH-SHAKUR SHABAZZ, #244 618, | * | |
| Petitioner, | * | |
| v. | * | 2:08-CV-88-MEF |
| | | (WO) |
| GRANT CULLIVER, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ash-ShaKur Shabazz, a state inmate, on February 4, 2008.  In this petition, Petitioner challenges his convictions, following a jury trial, for second degree rape and second degree sodomy entered against him by the Circuit Court for Houston County, Alabama, on December 15, 2005.  The trial court sentenced Petitioner the same day to twenty-six years imprisonment on each conviction to run concurrently. (*Doc. No. 10, Exh. A.*)

Petitioner filed an *Anders* brief on appeal of his convictions.[1]  Although given an opportunity to do so, Petitioner did not present any *pro se* issues for appellate review. The Alabama Court of Criminal Appeals affirmed the convictions on August 11, 2006 and issued a certificate of judgment on August 30, 2006.  (*Doc. No. 10, Exhs. B, C.*)

_____

[1]*Anders v. California*, 386 U.S. 738 (1967).

Petitioner filed a Rule 32 petition in the Circuit Court for Houston County on March 23, 2006.[2] He presented  allegations of ineffective assistance of counsel and alleged that he was denied due process and fundamental fairness where the trial court imposed a sentence that exceeded the maximum allowed by law. Following a hearing on the petition, the trial court denied Petitioner's Rule 32 petition on February 23, 2007.  The Alabama Court of Criminal Appeals affirmed the lower court's decision on October 26, 2007.  Petitioner's application for rehearing was overruled by the appellate court on November 20, 2007.  The Supreme Court of Alabama denied Petitioner's petition for writ of certiorari on January 11, 2008 and issued a certificate of judgment the same day. (*Doc. No. 10, Exhs. D-G, Doc. No. 13, Exhs. H-L.*)

In the instant application for habeas relief, Petitioner alleges that:

1.  His sentence exceeds the maximum allowed by law;

2. Trial counsel performed deficiently because:

a.  He failed to object to the trial court's erroneous consolidation of the charges for trial without first giving Petitioner notice and the opportunity to be heard;

b.  He failed to object to the prosecution's use of its peremptory strikes to remove males from serving on the petit jury;

c.  He failed to object to the trial court's failure to admonish the jury during the lunch recess;

d.  He failed to object to the trial court acting in the role of the prosecution;

---

[2]Petitioner filed his post-conviction petition while his direct appeal was still pending. Consequently, the Alabama Court of Criminal Appeals ordered the trial court to hold the petition in abeyance pending conclusion of the direct appeal proceedings.  (*Doc. No. 10, Exh. D at pg. 10.*)

e.  He failed to advise Petitioner of his right to testify in his own behalf;

f.  He failed to move for a mistrial or exclusion of the victim's testimony on the grounds of coercion, threats, and tampering with the witness;

g.  He failed to move for a mistrial or cautionary instructions based on the introduction of hearsay evidence after the trial court sustained an objection thereto;

h.  He failed to object to the trial court's oral instructions to the jury; and

i.  He failed to move to suppress the statement of Petitioner on the grounds that it was the product of police coercion, threats and intimidation.

(*Doc. No. 1*.)

## II.  DISCUSSION

### A. Disposition of Claims

Respondents filed an answer to the instant petition in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*.  They maintain therein that Petitioner's claims were properly adjudicated on the merits by the state courts.[3]   *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).   Petitioner was granted an

---

[3]Although Respondents also maintain that Petitioner defaulted his claims of ineffective assistance of counsel where the state appellate court found that the trial court had correctly denied such claims on the merits "but also pursuant to the procedural bar of Rule 32.2(a) (4), Ala. R. Crim. P., [because] the claims could have been, but were not, raised on appeal," the court finds that Petitioner properly presented his claims regarding counsel's performance in his Rule 32 petition. *See Ex parte Ingram,* 675 So.2d 863, 865-866 (Ala.1996) ("[I]n any cases in which the defendant is convicted after the date this opinion is released, an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala.R.Crim.P., expires, in order for that claim to be properly preserved for review upon direct appeal. When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed

opportunity to respond to Respondents' contentions and did so.  (*See Doc. No. 15*.)  After

reviewing the § 2254 petition, Respondents' answer and supporting evidentiary submissions,

and Petitioner's response,  the court concludes that no evidentiary hearing is required, and

that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules*

*Governing Section 2254 Cases in United States District Courts*.

**B.  Standard of Review**

To prevail on his § 2254  claims adjudicated on the merits by the state courts,

Petitioner  must show that a decision by the Alabama state courts was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by

the Supreme Court of the United States," or was "based on an unreasonable determination

of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C.

§2254(d)(1) & (2);[4] *see  Williams*, 529 U.S. at 412-13.  A state court's decision can be

---

by Rule 24.1(b), Ala.R.Crim.P., the proper method for presenting that claim for appellate review is to file a
Rule 32, Case,Ala.R.Crim.P., petition for post-conviction relief.").  As noted, Petitioner was convicted for his
offenses on December 15, 2005.  The evidentiary material before the court reflects that trial counsel filed
notice of appeal and a motion to withdraw on January 5, 2006.  On January 10, 2006, the trial court granted
the motion to withdraw, appointed Petitioner appellate counsel, and ordered a free trial transcript. Appellate
counsel did not file a motion for new trial. Further, the trial transcript was not completed until January 31,
2006.  (*Doc.  No. 10, Exh. A - Part 1*.)

[4]28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the
judgment of a State court shall not be granted with respect to any claim adjudicated on the
merits in State court proceedings unless the adjudication of the claim:

(1)      resulted in a decision contrary to, or involved an unreasonable application of, clearly
established federal law, as determined by the Supreme Court; or

(2)      resulted in a decision based on an unreasonable determination of the facts, in light
of the evidence presented in the State court proceedings.

4

"contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Id*. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact

shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003). The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d). . . " *Id.* at 636. Additionally, a state court's summary rejection of a federal constitutional issue qualifies as an adjudication on the merits under § 2254(d) so that the summary rejection is entitled to the same deference as a written opinion. *See Wright v. Sec. of Dept. Of Corr.,* 278 F.3d 1245, 1254 (11ᵗʰ Cir. 2002).

In light of the foregoing, the court concludes that Petitioner is entitled to no relief as the state court properly adjudicated his federal habeas claims on the merits. *Williams*, 529 U.S. at 404-405. Specifically, the state court decisions denying Petitioner relief on his Rule 32 petition were not contrary to or unreasonable applications of federal law nor unreasonable determinations of the facts in light of the evidence presented to the state courts.

## C. Issues

### 1. Ineffective Assistance of Counsel

The Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984), in affirming the lower court's decision to deny relief on Petitioner's claims of ineffective assistance of counsel. (*Doc. No. 10, Exh. G.*) *Strickland* sets forth the clearly

established federal law on this issue.  Thus, this court will determine whether the state courts' rejection of Petitioner's claims of ineffective assistance of counsel "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  Petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel.  First, Petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*.  Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687.  To establish prejudice, Petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams*, 529 U.S. at 393 n. 17.  There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to

7

counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

The state courts did not decide Petitioner's claim of ineffective assistance of counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law. *Williams*, 362 U.S. at 412. Consequently, the state appellate court's rejection of the ineffective assistance of counsel claims was not contrary to actual Supreme Court decisions. This court must therefore determine whether the Alabama Court of Criminal Appeals' decision to reject the ineffective assistance of counsel claims was an unreasonable application of the *Strickland* standard.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

Petitioner argues that trial counsel performed deficiently when he failed to object to the trial court's erroneous consolidation of the charges for trial without first giving him

notice and an opportunity to be heard.  The Alabama Court of Criminal Appeals held that the evidentiary material in Petitioner's case reflected that consolidation was proper because the charges arose out of the same set of facts and that Petitioner had failed to demonstrate how he was prejudiced by counsel's allege shortcoming. (*Doc. No .10, Exh. G, pg. 3*.) The record further shows that prior to trial both the court and trial counsel indicated their awareness that no motion to consolidate had been filed, but trial counsel indicated he had no objection to consolidation of the charges. (*Id. Exh. A - Part 1, pg. 68.*) At the Rule 32 hearing, Petitioner, upon being questioned as to how he was prejudiced as a result of the consolidation of the cases, stated simply that "[n]obody asked [him] what [he] thought about anything – they just – you did it." (*Id. Exh. D at pg. 73.*)  Trial counsel testified that there was no valid legal ground on which to object to the consolidation under the facts of the case.  (*Id. at pgs. 81-82.*)

The record supports the appellate's denial of this claim of trial counsel's ineffectiveness.  Petitioner has not demonstrated that counsel's performance was deficient with respect to this claim, and his conclusory assertion that the outcome of his trial would have been different had trial counsel made the requisite objection is insufficient. Because Petitioner fails to establish that the state court's decision denying this claim is either contrary to or an unreasonable application of *Strickland* or resulted in a decision that is based on an unreasonable determination of the facts, he is not entitled to habeas relief.

Petitioner claims that counsel performed ineffectively when he failed to object to the prosecution's use of its peremptory strikes to remove males from serving on the petit jury.

Citing *Batson v. Kentucky*, 476 U.S. 79 (1986), the appellate court denied relief on this claim finding that "trial counsel testified that there was no ground for a *Batson* objection, and the appellant offers no specific evidence to the contrary." (*Doc. No. 10, Exh. G, pg. 4.*) Trial counsel's testimony further indicated that he did not observe any systematic exclusion of males and his notes on the jury strike list reflected that at least five males sat on Petitioner's jury. (*Id. Exh. D, pgs. 23-24.*)

Although the Supreme Court has held the Equal Protection Clause prohibits discrimination in jury selection on the basis of gender, *J.E.B. v. Alabama ex rel. T.B.,* 511 U.S. 127 (1994), there is no constitutional requirement of ethnic/gender proportional strikes. *See Batson,* 476 U.S. at 86 n. 6. (noting Court has not held the Sixth Amendment requires that "petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population."). Here, Petitioner does not present a sufficient basis for concluding that trial counsel overlooked any evidence which would support a viable claim that males were systematically excluded from the jury, even assuming, *arguendo,* that there was any actual disparity in the jury selection process. Further, Petitioner is unable to show there was any reasonable probability of a different outcome had counsel objected on the ground he advances, and, thus, the state court decision resulted in a reasonable application of *Strickland*.

Petitioner argues that trial counsel was ineffective because: 1) he failed to object to the trial court's failure to admonish the jury during a lunch recess which allowed them to consider outside influences in arriving at their verdict; 2) he failed to object to the trial

court acting in the role of the prosecution where the court questioned a witness concerning a material element of the charged offense; and 3) he failed to move for a mistrial or cautionary instruction based on the introduction of hearsay evidence after the trial court sustained an objection.[5]  The Court of Criminal Appeals concluded that these claims were insufficiently pled and, thus, failed to state a claim on which relief could be granted.  (*Doc. No. 10, Exh. G, pg. 4.*)

Vague and conclusory allegations  are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. The state court's finding that Petitioner's claims noted above were insufficiently pled and, therefore, could not support an ineffective assistance of counsel claim is not unreasonable. *See Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, speculative, or unsupported

---

[5]Petitioner contends that trial counsel failed to move for a mistrial or cautionary instruction when the trial court sustained an objection to hearsay evidence based on the prosecution's attempt to establish that Petitioner knew the victim's age but in spite of the objection,  the prosecution still elicited the hearsay evidence.  (*Doc. No. 1 at pg. 11.*)

Under Alabama law, a person commits the crime of rape in the second degree if:

(1) Being 16 years old or older, he or she engages in sexual intercourse with a member of the opposite sex less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the member of the opposite sex.

Ala.Code § 13A-6-62.

The victim in this case testified at trial.  Her testimony indicated that she was over the age of 12 but under age 16 at the time Petitioner engaged in sexual intercourse with her (the victim also testified that at the time of the offenses she believed Petitioner was about 42 years old). Thus, any error Petitioner seeks to attribute to counsel based on his failure to move for a cautionary statement and/or a mistrial based on the alleged hearsay evidence fails as Petitioner fails to show how the outcome of his trial would have been different absent counsel's alleged shortcoming.

claims cannot support an ineffective assistance of counsel claim). Thus, these claims are denied pursuant to 28 U.S.C. § 2254(d).

Petitioner claims that trial counsel was ineffective for not allowing him to testify in his own defense.  The Alabama Court of Criminal Appeals found no merit to this claim where Petitioner "admitted during the evidentiary hearing that although trial counsel advised him not to testify, he made the decision not to testify." (*Doc. No. 10, Exh. G, pgs. 4-5; see also Exh. D, pg. 69*.)  Although Petitioner argues that the "crux" of his allegation is that trial counsel failed to "fully advise him of his rights with regards to the decision to testify or not to testify," (*Doc. No. 1, pg. 12*), he nonetheless fails to allege that counsel's actions prejudiced him such that the outcome of his trial would have been different. *See Chandler v. United States,* 218 F.3d 1305 (11th Cir. 2000). In the absence of an allegation of prejudice, a claim of ineffective assistance of counsel cannot succeed because the requirements of *Strickland* remain unsatisfied. Petitioner fails to meet his burden of proving that the state court's decision on this allegation of ineffective counsel is contrary to or an unreasonable application of federal or an unreasonable determination of the facts in light of the evidence.

Petitioner challenges trial counsel's performance with regard to his failure to move for a mistrial or exclusion of the victim's testimony on the grounds of coercion, threats, and tampering with the witness.   In support of this claim Petitioner asserts that the victim initially refused to give a statement and implicated another individual as the father of her child and it was only after she was threatened and pressured that she changed her story and implicated Petitioner in the crimes for which he was convicted. (*Doc. No. 1, pg. 11.*)

The appellate court found that Petitioner had failed to demonstrate that counsel acted deficiently under the *Strickland* standard and held that this particular challenge to trial counsel's performance was "without merit and unsupported by the record based on trial counsel's testimony at the evidentiary hearing that the alleged threats were brought out at trial through the victim's testimony." (*Doc. No. 10, Exh. G, pg. 5.*) ) The record in this matter supports the appellate court's denial of this claim. According to the evidentiary material before the court, Petitioner testified at the evidentiary hearing that threats made to the victim by the police came out at trial both through the testimony of the victim and a police officer. (*Id. at Exh. D, pgs. 74-75.*) The trial record shows that both the victim and an investigating officer testified about the victim's initial reluctance to implicate Petitioner in the crimes but that the victim subsequently gave a statement after her child was born which led to Petitioner being questioned by police. (*Id., Doc. No. A, Part 2, pgs. 10-14, pgs. 26-34.*) Because Petitioner fails to show that the appellate court's decision is either contrary to or an unreasonable application of *Strickland* or resulted in a decision that is based on an unreasonable determination of the facts, he is entitled to no relief on this challenge to counsel's performance.

Petitioner maintains that he received ineffective assistance of trial counsel where counsel failed to object to the trial court's oral instructions to the jury. In support of this claim Petitioner alleges that the jury was allowed to take their personal notes into the deliberation room, that the trial court failed to instruct the jury that they must consider each charge separately and that their verdict had to be unanimous, and that the trial court failed

to instruct the jury about his right to testify.   (*Doc. No. 1, pg. 11.*)

The trial record reflects that the trial court advised the jurors regarding Petitioner's right to testify or not to testify and also advised  them on the legality of note-taking during trial and their obligation to keep their notes confidential from the other jurors. The trial court further instructed the jury that their verdict had to be unanimous and delineated  the possible verdicts to be delivered by them with respect to the two offenses with which Petitioner had been charged. (*Doc. No. 10, Exh. A - Part 2, pgs. 59-76.*)    In light of the evidence before the court, this allegation regarding trial counsel's performance is completely without merit. The Court of Criminal Appeals' decision to deny relief on this challenge to counsel's performance is, therefore, objectively reasonable as well as  a reasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).

Petitioner's last challenge to trial counsel's performance concerns counsel's failure to move to suppress Petitioner's statement to police which he claims was the product of police coercion, threats, and intimidation. Counsel testified at the evidentiary hearing that in talking with Petitioner, reading his statement given to police, and reviewing discovery, he did not file a suppression motion based on his determination that there was no specific ground on which to file such a motion.  (*Doc. No. 10, Exh. D, pgs. 83-84.*)  The trial record reflects that Petitioner's waiver of rights form was admitted into evidence. The form shows that Petitioner answered in the affirmative to the statement on the waiver of rights form that no promises, threats, or pressure had been used against him to obtain his statement.  (*See Doc. No. 10, Exh. A, Part 2, pgs. 28-39.*)

14

As explained, in reviewing counsel's performance, a court must avoid using "the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland,* 466 U.S. at 689.  Further, based on the limited  inquiry which may be made with respect to whether trial counsel's course of action was reasonable, and given  the record in this case, the court finds that Petitioner has failed to overcome the presumption the trial counsel acted reasonably in not filing a motion to suppress Petitioner's statement, and he has, therefore, failed to establish that  trial  counsel performed deficiently.  *Strickland*, 466 U.S. at 687-688. The undersigned, therefore, concludes that the state court's rejection of Petitioner's ineffective assistance of counsel claim was objectively reasonable.  *See Williams v. Taylor, supra.*  This decision was likewise a reasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2).  Consequently, Petitioner is not entitled to habeas relief on this claim of ineffective assistance of trial counsel.

### 2. The Excessive Sentence Claim

Petitioner argues here that his due process rights were violated when the trial court imposed a sentence which exceeded the maximum allowed by law.  In support of this allegation Petitioner argues that the State: 1) never informed the trial court that it would seek application of the Habitual Felony Offender Act, *Ala. Code* § 13A-5-9, *et seq*.; 2) failed to provide notice of prior convictions; and 3) failed to prove that any out-of-state convictions constituted a felony in Alabama. (*Doc. No. 1, pg. 12*.)  Petitioner's challenge to the sentence imposed on him does not present a claim upon which federal habeas relief can be granted as

it involves the state court's application of state law. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988); *see also  Estelle v. McGuire*, 502 U.S. 62 (1991) (a federal court has no authority to re-examine state court determinations on questions of state law). A federal court is not concerned with violations of state law unless the violation raises federal constitutional problems. *Wilcox v. Ford,* 813 F.2d 1140, 1145 n. 7 (11th Cir. 1987)

Despite the foregoing, the court finds that the record before it refutes Petitioner's allegation of an improper sentence enhancement.  Specifically, the trial record reflects the following:

MR. STEENSLAND: Your Honor, . . . what we'd ask for is a medium-range sentence in this case run concurrently with each other, Judge.

THE COURT: What says the State: How many priors are there total?

MR. ADAMS: I believe there are five, Your Honor, according to my client.

MR. STEENSLAND: I've got four given to me.

THE DEFENDANT: Four or five.

THE COURT: Okay.  Mr. Shabazz, are you admitting to this Court that you have previously been convicted of four felonies?

THE DEFENDANT: Yes.

THE COURT: And did you have the benefit of an attorney when you were found guilty or pled guilty to those felonies?

THE DEFENDANT: Yes.

THE COURT: So we know there are at least four felony convictions.

(*Doc. No. 10, Exh. A, Part 2 at pgs. 84-85.*)

Petitioner's stipulation to the prior felonies rendered him eligible for enhancement of his sentence as a habitual felony offender.[6]  In accordance with state law, the trial court relied on the stipulated prior felony convictions when sentencing Petitioner to a term of twenty-six years imprisonment for each of his convictions.[7]  Petitioner's challenge to his sentence enhancement is, therefore, without merit.  Consequently, even if Petitioner's claim regarding an improper sentence warranted federal review, such review would not result in habeas relief for Petitioner.  *See Williams*, 529 U.S. 362.  Furth,  the Alabama Court of Criminal Appeals deemed Petitioner's excessive sentence claim meritless where the  record supported the trial court's finding that Petitioner voluntary admitted to at least three prior  felony offenses which, as noted herein, dispensed with the notice requirement and the State's obligation to prove offenses.  (*Doc. No. 10, Exh. G, pg. 6.*)  Petitioner has failed to demonstrate that the appellate court's decision to affirm his sentence was either "contrary to" or an unreasonable application of clearly established federal law, as his sentence was within the legally permissible range.  28 U.S.C. § 2254(d)(1).  Nor was the decision "based on an unreasonable

---

[6]Under well-settled Alabama law, when a defendant "admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, *Ala. Code* 1975."  *Kaska v. State*, 740 So.2d 475, 477 (Ala. Cr. App. 1998); *Ex parte Chambers*, 522 So.2d 313 (Ala. 1987) (defendant's admission of prior felony convictions sufficient proof for purposes of sentence enhancement under the Habitual Felony Offender Act); *Whitt v. State*, 461 So.2d 29, 30 (Ala. Cr. App. 1984) (stipulation of prior felony convictions by a defendant sufficiently admits all elements necessary to prove the convictions and such stipulation relieves the State of the burden of otherwise proving the prior convictions); *Burrell v. State*, 429 So.2d 636, 640 (Ala. Cr. App. 1982) (same).

[7]Rape in the second degree and sodomy in the second degree are  Class B felonies.  *See Ala. Code* § 13A-6-62(b) and *Ala. Code* § 13A-6-64(b).  A person convicted of a Class B felony who "has been previously convicted of any three felonies . . . must be punished . . . by imprisonment for life or for any term not less than 20 years. *Ala. Code* § 13A-5-9(c)(2).

determination of the facts in light of the evidence presented in the state court proceeding."
§ 2254(d)(2).   Thus, assuming, *arguendo*,  that Petitioner's excessive sentence claim is properly before this court for determination, he is not entitled to habeas relief. *Williams v Taylor*, 529 U.S. 362.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Ash-Shakur Shabazz be DENIED and DISMISSED with prejudice.

It is further

ORDERED that on or before **April 16, 2010** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done, this 2nd day of April 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE